PER CURIAM.
The State challenges an order suppressing cannabis and paraphernalia discovered during a search of Appellee’s apartment. Although the search was conducted pursuant to a warrant, the trial court concluded that the facts supporting the issuance of the warrant were discovered during an unreasonable, warrantless entry into the apartment by sheriffs agents, thereby invalidating the warrant. Concluding that the warrantless entry into the home was reasonable due to exigent circumstances, we reverse.
Sheriffs Deputy Waesco went to Appel-lee’s apartment to investigate a domestic battery call concerning Appellee and his live-in girlfriend. Prior to his arrival, Deputy Waesco learned that the victim of the battery and her mother were at the hospital. Upon arrival, Deputy Waesco followed a trail of blood starting at the base of a staircase and leading to Appel-lee’s apartment. There was blood on the door and Deputy Waesco heard “moaning sounds of distress” coming from within the apartment. He thought the sounds were made by a male.
Upon Deputy Waesco’s knock, Appellee barely opened the door. He spoke to the deputy from behind the door. It appeared that Appellee had just emerged from the shower. He insisted that “everything was fine.” He told the deputy that he was the only person in the apartment and denied that he had been making moaning sounds. When questioned about the blood trail leading to the apartment, Appellee simply responded that “everything was fine.”
Deputy Waesco asked Appellee to step outside, and he complied. Appellee opened the door just far enough to exit, being careful not to let the deputy see inside the apartment. Appellee was placed under arrest for domestic battery and handcuffed. Deputies then entered the apartment to verify that no one within the apartment was in distress. They looked only in areas where a person might be found. No other search was conducted at that time. While walking through the apartment, deputies observed cannabis and paraphernalia in plain view. They subsequently obtained a search warrant and recovered the drugs.
The dispositive question in this case is whether the deputies reasonably believed an individual was in distress when they made the warrantless entry. Brigham City, Utah v. Stuart, 547 U.S. 398, 403, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006); United States v. Holloway, 290 F.3d 1331, 1338 (11th Cir.2002); see also Tierney v. Davidson, 133 F.3d 189, 196-97 (2d Cir.1998) (holding police officers may enter dwelling without warrant if, based on objective standard, they reasonably believe individual is in distress); Root v. Gauper, 438 F.2d 361, 364-65 (8th Cir.1971) (holding warrantless search based on emergency requires assessment of whether officers reasonably believe action is necessary). Here, the trial court concluded that Deputy Waesco did not have a reasonable belief that someone inside the apartment was in distress because he knew the victim was at the hospital, he had not received any report that anyone else was in the residence, and the moaning ceased when he knocked on the door. Based on our de novo review, we reach the contrary conclusion. See Ortiz v. State, 24 So.3d 596, 600 (Fla. 5th *1244 DCA 2009) (application of law to facts is reviewed de novo).
Whether the police acted reasonably must be viewed from the “perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.” Ryburn v. Huff, — U.S. -,-, 132 S.Ct. 987, 992, 181 L.Ed.2d 966 (2012). The “calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving.” Graham v. Connor, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In cases involving the potential that someone might be in need of medical assistance, conscientious police officers are expected to err on the side of caution. United States v. Black, 482 F.3d 1035, 1040 (9th Cir.2007).
Here, we think the deputies were justified in the belief that another victim of the obviously violent disturbance might be present in the apartment. The radio dispatch did not negate the possibility that there was more than one victim at the scene. When the officers arrived and observed the blood trail leading to Appellee’s apartment, and heard moaning coming from within the apartment, it was reasonable to conclude that someone in the apartment was in distress. Because Appellee denied that he had been moaning, officers could reasonably infer that another person was the source of the sound. The manner by which Appellee carefully guarded the premises from the view of the officers, and his insistence that “everything was fine,” even in the face of obvious evidence to the contrary, buttressed the inference that someone behind the door might be in distress. Under these circumstances, the officers acted reasonably in performing a limited search of the premises.
REVERSED AND REMANDED.
SAWAYA and LAWSON, JJ„ concur.
TORPY, C.J., concurs specially with opinion.